IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| ECLIPSE IP LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>NEWEGG INC.,<br><br>   Defendant. | Civil Action No. 1:13-cv-04737<br><br>Hon. John Z. Lee<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT NEWEGG INC.'S COMBINED MOTION TO TRANSFER**

**AND MOTION TO STAY INITIAL DISCLOSURE DEADLINES**

Defendant Newegg Inc. ("Newegg") hereby moves to transfer this case to the United States District Court of the Central District of California pursuant to 28 U.S.C. §1404(a). This motion is made following the conference of counsel required pursuant to this Court's Local Practice requirements, which was concluded on August 1, 2013. Plaintiff opposes both of these motions.

This case is one of many patent infringement suits brought by Florida company Eclipse IP LLC ("Eclipse") against various companies, including online retailers and service providers like Newegg. Eclipse has no apparent ties to the Northern District of Illinois, other than its preference to file this lawsuit here. Newegg is incorporated in Delaware and located within the Central District of California. All relevant witnesses and documentation are located outside of this jurisdiction, and from Newegg's perspective, the bulk of that information is located in the Central District of California. Eclipse has previously elected to commence litigation in the Central District of California involving the Patents-In-Suit in the instant action, and thus, does

not appear to believe that litigating in the Central District of California imposes any hardship on Eclipse. These facts justify, and Newegg respectfully requests, that the Court transfer this case to the Central District of California. While this motion is pending, Newegg also moves that the initial disclosure deadline be stayed in the event the case is transferred to California, in which case the transferee court can enforce its scheduling protocol.

## I. BACKGROUND

Eclipse is a limited liability company organized and existing under the laws of Florida with its principal place of business at 115 NW 17th Street, Delray Beach, Florida. Complaint, (Dkt. 1), at ¶ 2. Upon information and belief, Eclipse owns no property in Illinois, pays no taxes in Illinois, has no employees in Illinois, and conducts no business in Illinois. Indeed, Eclipse has no meaningful connection to Illinois or to this forum whatsoever.

Newegg is a Delaware corporation with its principal place of business in City of Industry, California. Complaint, (Dkt. 1), at ¶ 4. Newegg runs a website, through which products are sold across the United States. Newegg is located in the Central District of California, and the bulk of its records and relevant employees are likewise located in the Central District of California. Newegg does not own any real estate in Illinois, maintain any offices in Illinois, have any employees in Illinois, have any subsidiaries in Illinois, or maintain any banking accounts or other property in Illinois. Declaration of James Wu at ¶¶ 1-7 (attached hereto as Exhibit A). Indeed, the only contacts that Newegg has with Illinois are sales that are made to residents of Illinois via Newegg's website. *Id*. at ¶ 7.

Eclipse has filed a multitude of lawsuits in several different judicial districts against many different defendants that raise allegations of infringement of the two patents involved in

the instant matter. In calendar year 2013 alone, Eclipse filed 24 separate complaints[1] split among three different judicial districts (Eastern District of Texas, Central District of California and Northern District of Illinois) in which it asserted at least one of the two Patents-In-Suit.

In addition, in 2012, Eclipse filed suit against the Kellwood Company (Civ. A. No. 2:12-cv-07572-DSF-PLA (C.D. Cal.) (filed on September 5, 2012)) in the Central District of California asserting both of the Patents-In-Suit. Thus, within the last year, and as recently as June 2013, Eclipse has brought cases asserting infringement of the Patents-In-Suit in the Central District of California.

## II. ARGUMENT

Section 1404(a) provides the standard for permissible transfers of venue as follows:

---

[1] These suits include *Eclipse IP LLC v. Men's Warehouse, Inc.*, Civ. A. No. 2:13-cv-00071-JRG-RSP (E.D. Tex.) (filed on January 30, 2013); *Eclipse IP LLC v. Radioshack Corporation*, Civ. A. No. 2:13-cv-00070-JRG-RSP (E.D. Tex.) (filed on January 30, 2013); *Eclipse IP LLC v. Pier 1 Imports, Inc.*, Civ. A. No. 2:13-cv-00069-JRG-RSP (E.D. Tex.) (filed on January 30, 2013); *Eclipse IP LLC v. J.C. Penney Company, Inc.*, Civ. A. No. 2:13-cv-00068-JRG-RSP (E.D. Tex.) (filed on January 30, 2013); *Eclipse IP LLC v. Neiman Marcus Group, Inc.*, Civ. A. No. 2:13-cv-00135-JRG (E.D. Tex.) (filed on February 14, 2013); *Eclipse IP LLC v. Zales Corporation*, Civ. A. No. 2:13-cv-00130-JRG-RSP (E.D. Tex.) (filed on February 14, 2013); *Eclipse IP LLC v. Callaway Golf Company*, Civ. A. No. 2:13-cv-00217-JRG-RSP (E.D. Tex.) (filed on March 18, 2013); *Eclipse IP LLC v. Abercrombie & Fitch Co.*, Civ. A. No. 2:13-cv-00216-JRG-RSP (E.D. Tex.) (filed on March 18, 2013); *Eclipse IP LLC v. Staples, Inc.*, Civ. A. No. 2:13-cv-00265-JRG (E.D. Tex.) (filed on April 8, 2013); *Eclipse IP LLC v. Williams-Sonoma, Inc.*, Civ. A. No. 2:13-cv-00295-JRG (E.D. Tex.) (filed on April 23, 2013); *Eclipse IP LLC v. Ralph Lauren Corporation*, Civ. A. No. 2:13-cv-00294-JRG (E.D. Tex.) (filed on April 23, 2013); *Eclipse IP LLC v. Overstock.com, Inc.*, Civ. A. No. 2:13-cv-00293-JRG (E.D. Tex.) (filed on April 23, 2013); *Eclipse IP LLC v. Target Corporation*, Civ. A. No. 2:13-cv-00360-JRG (E.D. Tex.) (filed on April 29, 2013); *Eclipse IP LLC v. eImprovements.com, LLC*, Civ. A. No. 2:13-cv-00359-JRG (E.D. Tex.) (filed on April 29, 2013); *Eclipse IP LLC v. Nordstrom, Inc.*, Civ. A. No. 2:13-cv-00358-JRG (E.D. Tex.) (filed on April 29, 2013*); Eclipse IP LLC v. Papa John's International, Inc.*, Civ. A. No. 2:13-cv-00458-JRG-RSP (E.D. Tex.) (filed on June 4, 2013); *Eclipse IP LLC v. Saks Incorporated*, Civ. A. No. 2:13-cv-00457-JRG-RSP (E.D. Tex.) (filed on June 4, 2013); *Eclipse IP LLC v. Kohl's Corporation*, Civ. A. No. 2:13-cv-00456-JRG (E.D. Tex.) (filed on June 4, 2013); *Eclipse IP LLC v. Victoria's Secret Stores, LLC*, Civ. A. No. 2:13-cv-04091-JAK-JEM (C.D. Cal.) (filed on June 6, 2013); *Eclipse IP LLC v. Acushnet Company*, Civ. A. No. 2:13-cv-00481-JRG-RSP (E.D. Tex.) (filed on June 11, 2013); *Eclipse IP LLC v. Oriental Trading Company, Inc.*, Civ. A. No. 1:13-cv-04739 (N.D. Ill.) (filed on June 28, 2013); *Eclipse IP LLC v. Golfballs.com, Inc.*, Civ. A. No. 1:13-cv-04736 (N.D. Ill.) (filed on June 28, 2013); *Eclipse IP LLC v. Eddie Bauer LLC*, Civ. A. No. 1:13-cv-04735 (N.D. Ill.) (filed on June 28, 2013); and *Eclipse IP LLC v. Dillard's, Inc.*, Civ. A. No. 1:13-cv-04733 (N.D. Ill.) (filed on June 28, 2013).

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. §1404(a). Venue issues in patent cases are governed by the law of the regional circuit – in this case, the Seventh Circuit's law controls. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under Seventh Circuit law, this Court is given the discretion to decide motions to transfer according to "case-by-case consideration of convenience and fairness." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (citations omitted). The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice. The statute permits a "flexible and individualized analysis" and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations. *Id.* at 978. This Court should balance the private convenience interests of the litigants and the public interest in the fair and efficient administration of justice.

There can be no dispute that since Defendant Newegg is located in the Central District of California this action "might have been brought" in the Central District of California. 28 U.S.C. §§ 1391(c), 1400(b). Thus, the sole issue before this Court is whether private and pubic interest factors compel transfer. This determination turns on the "weighing of factors for and against transfer [that] necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

The private interest factors for the Court's consideration include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of

4

proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Rorah v. Petersen Health Care*, Civ. A. No. 13 C 01827, 2013 WL 3389063, at *2 (N.D. Ill. Jul. 8, 2013) (attached hereto as Exhibit B). *See also Caterpillar, Inc. v. Esco Corp.*, 909 F. Supp.2d 1026, 1030 (C.D. Ill. 2012) ("courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof."). The public interest factors relate to "the efficient administration of justice, the court's familiarity with the relevant law and whether the jurors in a particular district have a stake in the outcome of the litigation. *Rorah*, 2013 WL 3389063 at *5. Under the circumstances of this case, and viewed as a whole, these factors strongly favor transfer of the case to the District Court of the Central District of California. Each of the factors shall now be addressed in turn.

  **A.  The Private Interest Factors Weigh Strongly in Favor of Transfer**

    1.  <u>Plaintiff's Forum Selection</u>

One of the factors considered in determining motions to transfer is the Plaintiff's forum selection. While Eclipse has filed this Complaint in the Northern District of Illinois, it has previously selected the Central District of California on multiple occasions to assert infringement allegations relating to the two Patents-In-Suit. Thus, although Plaintiff has initially selected this forum, it does not appear that Plaintiff has any objection to the Central District of California determining its patent infringement allegations relating to the Patents-In-Suit. Moreover, given Plaintiff's lack of connection with this jurisdiction, there is no harm done to Plaintiff by transferring this case to another jurisdiction.

2. The Situs of Material Events

Given the nation-wide nature of the allegations of infringement, as they are based on activity allegedly conducted in coordination with Newegg's website, this factor is neutral in the analysis.

3. The Relative Ease of Access to Sources of Proof And Convenience

Eclipse, a Florida-based company, accuses Newegg of infringing two patents through "providing electronic notification communications to customers in connection with online orders, which contain authentication information in the form of links to Newegg's website(s)." Complaint, (Dkt. 1), at ¶ 8. Eclipse is not located in or near Illinois, and none of Eclipse's witnesses or relevant physical evidence or documents in this litigation is believed to be located in or near Illinois. Indeed, no witnesses or other evidence are expected to be located in or near this Judicial District. Newegg, on the hand, believes that the vast majority of relevant information on its behalf will be gleaned from sources located in and around the Central District of California.

While Newegg is aware of no potential witnesses for Eclipse that are located in the Central District of California, the same can also be said of the Northern District of Illinois. By choosing to file suit in a forum located thousands of miles from its principal (and ostensibly only) place of business in Florida, Eclipse has effectively waived any right to argue that its relative convenience to the Court plays any role whatsoever in choosing the appropriate venue for this dispute. *See, e.g.*, *Rorah*, 2013 WL 3389063 at *3 ("Generally the plaintiff's initial choice of forum is entitled to substantial weight. However, this factor is not dispositive, and is given less weight when (1) the plaintiff is a non-resident of the chosen forum; (2) the plaintiff sues derivatively or as a class representative; or (3) where the cause of action did not conclusively arise in the chosen forum."). Newegg is not aware of any convenience factor

served by retaining this case in the Northern District of Illinois; the Central District of California is no less convenient for Eclipse than the Northern District of Illinois. However, it is beyond dispute that the Central District of California is a more convenient forum for Newegg.

### B. The Public Interest Factors Are Neutral On The Issue Of Transfer

There is no reason to believe that the Central District of California will be any less qualified than this Court to adjudicate these issues, particularly, as several other cases have previously been filed in the Central District of California that pertain to these Patents-In-Suit. Thus, there are no economies to be achieved by retaining this case in this Judicial District.

### C. Staying Initial Disclosures Is Appropriate

While the Motion to Transfer is pending, Newegg requests that the Court stay the deadline for initial disclosures so that, if the motion to transfer is granted, the transferee court can require the substantive disclosures required under its own governing protocol on the schedule that it sets.

### III. CONCLUSION

For the foregoing reasons, the majority of the relevant considerations favor transfer and demonstrate that the Central District of California is a more convenient forum for this litigation. Eclipse has no meaningful connection to this Judicial District whatsoever. In these circumstances, Eclipse's choice of forum should be entitled to essentially no weight. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference."). However, Eclipse has previously availed itself of the Central District of California on the very same issues for which it seeks relief from this Court albeit in relation to a different defendant. The defendant, however, is located in the Central District of California. It is

undeniably more convenient for Newegg to be able to participate in this litigation in the Central District of California, given the location of its business operations and potential witnesses, and such a transfer would not harm or prejudice Eclipse in any fashion.

DATED: August 2, 2013              RESPECTFULLY SUBMITTED,


/s/ *Dean A. Monco*
Dean A. Monco

Christian B. Miller
WOOD PHILLIPS
500 West Madison Street, Suite 1130
Chicago, Illinois 60661
Telephone: 312-876-1800
Facsimile: 312-876-2020

*Attorneys for Newegg Inc*.

Of Counsel,

Kent E. Baldauf, Jr.
Cecilia R. Dickson
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone: 412-471-8815
Facsimile:  412-471-4094

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on the 2nd day of August, 2013, I caused a copy of Newegg Inc.'s **DEFENDANT NEWEGG INC.'S COMBINED MOTION TO TRANSFER AND MOTION TO STAY INITIAL DISCLOSURE DEADLINES** to be filed by electronic filing. Notice of filing will be sent to all counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All documents required to be served by Fed. R. Civ. P. 5(a) have been served.

/s/ *Dean A. Monco*
Dean A. Monco

Christian B. Miller
WOOD PHILLIPS
500 West Madison Street, Suite 1130
Chicago, Illinois 60661
Telephone: 312-876-1800
Facsimile: 312-876-2020